9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBBIE J. HARDENBROOK,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br>Defendant. | No. CV-12-29-JPH<br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 22. Attorney David L. Lybbert represents Plaintiff[1]. Special Assistant United States Attorney Kathryn A. Miller represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. Hardenbrook filed a reply on November 7, 2012. ECF No. 24. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment, **ECF No. 22**.

**JURISDICTION**

Hardenbrook protectively applied for disability insurance benefits (DIB) on June 26, 2007. She protectively applied for supplemental security income (SSI) benefits on June 28, 2007, alleging disability since January 4, 2007 (Tr. 113-118).

[1]Ms. Hardenbrook is also known as Ms. Shick.

Hardenbrook alleged she is unable to work due to hepatitis C, back fusion, problems with the neck and back, and post-traumatic stress disorder (PTSD)(Tr. 125). The applications were denied initially and on reconsideration (Tr. 65-68, 70-71).

Administrative Law Judge (ALJ) Louis J. Volz, III, held a hearing on October 7, 2009. Hardenbrook, represented by counsel, and a vocational expert testified (Tr. 26-60). At the hearing the court granted plaintiff's counsel's motion to amend the onset date to December 31, 2003, which is also the date last insured (Tr. 27). The ALJ issued an unfavorable decision on December 18, 2009 (Tr. 12-19). On December 6, 2011, the Appeals Council denied review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner and appealable to the district court pursuant to 42 U.S.C. § 405(g). Hardenbrook filed this action for judicial review on January 9, 2012. ECF Nos. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Ms. Hardenbrook was 45 years old on the amended onset date and 51 at the hearing. She earned a GED and completed a two year associate's degree (Tr. 42, 130, 448). She lives with a roommate (Tr. 34). Hardenbrook has worked as a ticket cashier, hotel clerk, bartender, receptionist and cashier/checker (Tr. 56). She testified her left foot is painful. She has pain in both hands and back pain every day (Tr. 35, 52). Hepatitis C causes fatigue and muscle pain (Tr. 38). Thyroid problems cause depression, pain "amplification," a faster heart rate and anxiety. Hemochromatosis

causes a faster heart rate, higher blood pressure, fatigue and muscle pain. This condition requires phlebotomies every three months (Tr. 45). Hardenbrook experiences anxiety, depression and sleep problems (Tr. 46-47, 53). She can lift less than five pounds, walk 20 minutes and sit 10-15 minutes (Tr. 35, 50). She takes no medication because she lacks insurance and money (Tr. 35-36). Hardenbrook has a history of abusing cocaine and alcohol (Tr. 256).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are

denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits.

*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

///

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). “The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court will set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2012). Even if the ALJ erred, the court will uphold the decision so long as the error was harmless. *Lockwood v. Comm'r Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010)(citation omitted).

If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one, ALJ Volz found Hardenbrook did not earn substantial gainful activity after June 28, 2007, the date she applied for benefits (Tr. 14). At step two, he found she suffers from the severe impairments of degenerative disc disease (DDD) of the cervical and lumbar spine, hepatitis C and hyperparathyroidism, impairments that are severe but do not meet or medically equal any listed impairments (Tr. 14-15). The ALJ found Hardenbrook less than fully credible (Tr. 18). He found she is able to perform the full range of light work (Tr. 15). At step four, relying on the vocational expert's testimony, the ALJ found Hardenbrook is able to perform her past relevant work as a bartender, ticket cashier, hotel clerk, receptionist and cashier/checker (Tr. 18). The ALJ found Hardenbrook has not been under a disability, as defined by the Social Security Act, since

the date of application, June 28, 2007 (Tr. 19).

**ISSUES**

Hardenbrook alleges the ALJ should have found her mental impairments and fatigue severe, should have developed the record more fully, and erred when he assessed the medical evidence and her credibility. ECF No. 15 at 5-18.

As noted, at the hearing Hardenbrook's counsel amended the onset date to the date last insured, December 31, 2003 (Tr. 27). On appeal Hardenbrook asks this Court to amend the last insured date to December 31, 2006. ECF No. 15 at 20-21. The Commissioner asserts the decision should be affirmed because it is supported by substantial evidence and free of harmful legal error. ECF No. 23 at 5.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d

821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

When an ALJ discounts the testimony of lay witnesses, "he [or she] must give reasons that are germane to each witness." *Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

**B. Step two - psychological impairments**

Hardenbrook alleges the ALJ should have found she suffers from the severe mental impairments of depression, anxiety or PTSD. ECF No. 15 at 5. The Commissioner responds that (1) the court need not consider the allegation because it is inadequately supported

by citation to the record or analysis to assist the court in evaluating the legal challenge; (2) a diagnosis does not “equate to a finding of disability”; and (3) the record supports the ALJ’s determination that plaintiff’s mental impairments cause no more than a minimal impact on her ability to perform work-related activities, meaning they are non-severe. ECF No. 23 at 7-11.

The ALJ considered Hardenbrook’s minimal mental health treatment when he found mental impairments non-severe. He noted she was not currently receiving any mental health treatment and was not taking psychotropic medication (Tr. 15), although in the past Hardenbrook received counseling and took medication sporadically.

The ALJ is correct. On May 5, 2009, plaintiff reported she became engaged and things had been going very well the past few weeks (Tr. 644). On June 25, 2009, Hardenbrook’s mental health file was closed because she no longer met the criteria for state funded services (Tr. 647). The ALJ relied on examining psychologist Mahlon Dalley, Ph.D., and Abigail Osborne-Elmer, MS, LMHC’s opinion plaintiff “does not exhibit a psychological disability that would prevent her from working” (Tr. 17-18, 442). They gave this opinion after an examination on December 12, 2006, and assessed a GAF of 62, indicating no more than mild symptoms or limitations.

The ALJ also assessed Hardenbrook’s credibility and the record as a whole when he weighed the medical evidence, including mental limitations (Tr. 18).

**C. Credibility**

Hardenbrook alleges the ALJ’s reasons for finding her less

than credible are not convincing. The ALJ relied on infrequent treatment, daily activities and lack of supporting objective evidence. ECF No. 15 at 14-16. The Commissioner responds that the reasons are clear, convincing and supported by substantial evidence. ECF No. 23 at 13-16.

The Commissioner is correct.

Hardenbrook characterizes her activities of wake boarding and judo (Tr. 491, 542) as isolated events that do not accurately reflect day to day limitations. ECF No. 24 at 1-3. The record, however, reveals a very wide range of activities that undermine allegedly severe limitations. Hardenbrook played pool, worked on art (drawing with charcoal and pastels), danced, drove to Washington state from Florida, biked, actively searched for work, worked part-time as a bartender, camped, traveled with a truck driver friend, and worked in landscape design (Tr. 30, 255-56, 276, 361, 365, 376-77, 439, 448, 458, 531, 551, 554, 589, 609, 624). Daily activities inconsistent with alleged limitations constitute a convincing reason to find a claimant less than credible. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ is permitted to consider lack of treatment in his credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Hardenbrook testified she had no insurance between November 9, 2004 and May 2006 (Tr. 43), and stopped taking medication in June 2009 (about four months before the hearing) because she had no money and no medical insurance (Tr. 36). This does not fully explain noncompliance. Doctors told Hardenbrook in December 2006 she needed to be alcohol-free for six months in order to undergo treatment for hepatitis C (Tr. 292). In August

2007, Hardenbrook admitted she continued to drink. She received a second DUI in February 2008, relapsed in September 2008 and did not go to treatment for alcohol dependency until November 2008 (Tr. 525, 557, 587, 612). This non-compliance occurred during periods Hardenbrook admits she had insurance coverage

While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, a lack of objective medical evidence is still a relevant factor the ALJ can consider in his credibility analysis. *Burch,* 400 F.3d at 681. On March 27, 2007, neurosurgeon Alfred Higgins, M.D., reviewed a March 21, 2007 MRI and treating doctor Johnson's notes. He opined "there is no structural evidence for cause of the patient's symptoms, nor are there abnormalities seen that would benefit from surgical intervention." He recommended continuing conservative treatment (Tr. 281-82). Treating doctor Michael Johnson, D.O., agreed (Tr. 251), as the ALJ observes (Tr. 17). While not noted by the ALJ, the record also reveals inconsistent statements and an MMPI-2 that is invalid due to over-reporting (Tr. 440). Treating sources opined plaintiff "appears to want to be disabled. . . One might suspect secondary gain issues from her presentations in the past" (Tr. 266); plaintiff feels she cannot work; "however, it is not clear if this is the case" (Tr. 496); and "exaggerated pain behaviors" are noted (Tr. 512).

The ALJ's reasons for his credibility assessment are clear, convincing and fully supported by the record. His reasons for finding Hardenbrook suffers only non-severe mental impairments are well supported by the record. Any step two error by the ALJ is clearly harmless. *Carmickle v. Comm'r Soc. Sec. Admin*., 533 F.3d

1155, 1163 (9th Cir. 2008)(holding an ALJ's error in reasoning harmless where it did not undermine the "validity of the ALJ's underlying decision").

Hardenbrook fails to meet her burden of showing harmful error.

**C. Step two - physical impairments**

Hardenbrook alleges the ALJ erred by omitting limitations due to fatigue and pain. ECF No. 15 at 7, 9-10, 12-13. Citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005), the Commissioner responds that the ALJ properly considered the limitations supported by the record and not dependent on Hardenbrook's unreliable subjective reporting. ECF No. 23 at 18.

Plaintiff further alleges, without citation to authority or the record, the ALJ "failed to find any impairment from the claimant's condition of hemochromatosis," and this "in combination with her hepatitis C, and her hyperparathyroidism produced significant problems of fatigue that the claimant dealt with on a daily basis." ECF No. 15 at 7.

The record does not support plaintiff's allegation.

In May 2009, Ann Andersen, ARNP, discussed Hardenbrook's hemochromatosis: plaintiff is "doing quite well with no sign of new symptomology." She notes plaintiff would need a phlebotomy and re-evaluation in three months (Tr. 546). In December 2006 Dr. Smith opined there are "no clear symptoms referable to chronic hepatitis C" (Tr. 291). In October 2007 treating doctor Johnson opined Hardenbrook's hepatitis C caused *no* significant interference with the ability to perform basic work activities (Tr. 503)(emphasis added). Notes in November 2008 show hepatitis C

is stable (Tr. 523). On May 15, 2008, after thyroid surgery, plaintiff's energy is "way up" and her mood is considerably better (Tr. 604). The record shows only intermittent complaints of fatigue. Plaintiff's allegation is not supported by the record. With respect to pain, the ALJ relied on examining and treating sources, and plaintiff's admitted activities, when he weighed the evidence of physical impairment.

**D. Weighing other medical evidence**

Hardenbrook alleges the ALJ failed to properly credit treating Dr. Johnson's RFC at Tr. 435. ECF No. 15 at 16. Plaintiff is incorrect. In this assessment Dr. Johnson opined sitting and standing are unlimited (Tr. 435), indicating at least sedentary work. Although he notes "further psychiatric needs," it is clear Dr. Johnson did not treat mental conditions (Tr. 436). As noted, examining sources have opined plaintiff is physically capable of light work and she has no severe mental limitations. Several treating sources have questioned Hardenbrook's credibility. The ALJ's RFC for light work is consistent with the medical evidence and with the plaintiff's wide ranging activities, including the ability to work part-time. The ALJ properly considered the record as a whole when he assessed an RFC for light work.

**F. Developing the record and last insured date**

Hardenbrook asserts that the ALJ has an affirmative duty to develop the record. ECF No. 15 at 7. Plaintiff fails to provide specific argument in her briefing. She neither cites to evidence or legal authority, nor explains specifically how and why the ALJ erred. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's

opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Because Plaintiff failed to provide adequate briefing, the court declines to consider the issue. To the extent Hardenbrook alleges the evidence of psychological limitations required further development, ECF No. 15 at 20, she is incorrect. The ALJ's duty to develop the record is triggered when the evidence is ambiguous or the record is inadequate to make a disability determination. *Tonapetyan v. Halter*, 242 F.3d 114, 1150 (9th Cir. 2001). Neither applies here.

The court denies plaintiff's request that the court amend the last insured date to December 31, 2006, ECF No. 15 at 20, but, even if amended, the record fully supports the ALJ's decision.

Because the ALJ accepted and incorporated limitations established by the evidence, plaintiff fails to show harmful error.

A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 689 (9th Cir. 2009).

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence and, if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of harmful legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 22,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** the file.

DATED this 7th day of February, 2013.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE